IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CLAUDIA WILSON and § | | PLAINTIFFS |
| ALFRED WILSON § | | |
| § | | |
| § | | |
| v. § | Civil No. 1:20cv300-HSO-RHWR | |
| § | | |
| § | | |
| LY INVESTMENTS, L.L.C. § | | DEFENDANT |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING WITHOUT PREJUDICE IN PART DEFENDANT'S
MOTION [43] FOR SUMMARY JUDGMENT; DISMISSING
PLAINTIFF CLAUDIA WILSON'S CLAIM UNDER THE AMERICANS
WITH DISABILITIES ACT; DECLINING TO EXERCISE SUPPLEMENTAL
JURISDICTION OVER PLAINTIFFS' STATE-LAW CLAIMS;
AND REMANDING CASE TO STATE COURT**

BEFORE THE COURT is Defendant Ly Investments, L.L.C.'s Motion [43] for Summary Judgment. After consideration of the record and relevant legal authority, the Court is of the opinion that Defendant's Motion [43] for Summary Judgment should be granted as to Plaintiff Claudia Wilson's lone federal claim under the Americans with Disabilities Act, which will be dismissed with prejudice. Because the Court will decline to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims, Defendant's Motion [43] should be denied without prejudice to the extent it seeks dismissal of those claims, and this case will be remanded to state court.[1]

---

[1] Defendant has also filed a Motion [58] to Strike Plaintiffs' designated expert. Because the Court can resolve the present Motion [43] for Summary Judgment without considering the expert's report, it need not resolve Defendant's pending *Daubert* Motion [58].

I. BACKGROUND

In August 2017, Plaintiffs Claudia Wilson ("Claudia") and Alfred Wilson ("Alfred") (collectively, "Plaintiffs") checked into a Quality Inn Hotel in Biloxi, Mississippi, which was owned and operated by Defendant Ly Investments, L.L.C. ("Defendant" or "Ly"). *See* Comp. [1-1] at 2; Ans. [7] at 2. Plaintiffs allege that upon their arrival they requested an accessible room. *See* Claudia's Dep. [52-2] at 43. Plaintiffs assert that they were originally assigned a room with disability-accessible features, but that it had not been cleaned. *See id.* at 41-43, 45-46; Alfred's Dep. [52-1] at 9-10. Claudia called the front desk, and Plaintiffs were given a second room, which was not accessible. *See* Alfred's Dep. [52-1] at 9, 31-32; Claudia's Dep. [52-2] at 43. According to Claudia, when she inquired, a hotel worker told her that it was in fact accessible. *See* Claudia's Dep. [52-2] at 47.

The morning after Plaintiffs checked in to the hotel, Claudia took a shower and placed a towel bathmat on the floor beside the bathtub. *See id.* at 50-52; Alfred's Dep. [52-1] at 13. As she exited the bathtub and stepped onto the bathmat, it moved, causing Claudia to fall, strike her head on the toilet, and suffer injuries. *See id.* at 50-53; Alfred's Dep. [52-1] at 13-14. According to Claudia, the "slickness on the floor" caused the bathmat to move. Claudia's Dep. [52-2] at 53; *see id.* at 56. Alfred took Claudia to a local hospital for emergency medical attention. *See id.* at 21-22, 59-60; Alfred's Dep. [52-1] at 16.

On August 5, 2020, Plaintiffs filed a Complaint [1-1] in the Circuit Court of Harrison County, Mississippi, Second Judicial District, advancing claims on behalf

2

of Claudia for negligence, negligence per se, respondeat superior, and violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), specifically § 12182. *See* Compl. [1-1] at 8-12. Claudia's husband Alfred asserted only a derivative state-law claim for loss of consortium. *See id.* at 13. Defendant removed the case to this Court, invoking federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a). *See* Notice [1] at 2.

Defendant has now filed a Motion [43] for Summary Judgment on grounds that Plaintiffs' premises liability claims fail because there is no evidence of the existence of a dangerous condition or that Defendant had knowledge of any dangerous condition, and because Claudia created the condition which caused her fall. *See* Mem. [44] at 8-14. Defendant maintains that the ADA claim fails because there is no evidence that Claudia was disabled within the meaning of the ADA at the time of the incident, nor that she was denied public accommodations due to any disability. *See id.* at 15-17.

## II. DISCUSSION

A.  Summary judgment standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). In deciding whether summary judgment is appropriate, the Court "must view all evidence and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

B.   <u>Analysis</u>

1.   <u>The Americans with Disabilities Act</u>

The Complaint asserts a claim on behalf of Claudia under Title III of the ADA, specifically 42 U.S.C. § 12182, which provides that

> [n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). For the purposes of this subsection, discrimination includes

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods,

4

> services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations . . . .

*Id.* § 12182(b)(2)(A)(ii).

A threshold requirement of an ADA claim is that "the plaintiff must, of course, establish that he has a disability." *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 654 (5th Cir. 2003) (quoting *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996)). The ADA defines "disability" as "a physical . . . impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). Major life activities "include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A).

The ADA further provides, in relevant part, that the definition of "disability" in § 12102(1) shall be construed in accordance with the following provisions:

> (A)  The definition of disability in this chapter shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter.
> (B)  The term "substantially limits" shall be interpreted consistently with the findings and purposes of the ADA Amendments Act of 2008.
> (C)  An impairment that substantially limits one major life activity need not limit other major life activities in order to be considered a disability.
> \* \* \*
> (E)  (i) The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures such as--
> (I)  medication . . . .

5

42 U.S.C. § 12102(4).

According to the applicable regulations, "[t]he term 'substantially limits' shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA," and it "is not meant to be a demanding standard."  28 C.F.R. § 35.108(d)(i).

> An impairment is a disability within the meaning of this part if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment does not need to prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting. Nonetheless, not every impairment will constitute a disability within the meaning of this section.

28 C.F.R. § 35.108(d)(1)(v).

2.   Claudia's ADA claim

The first consideration is whether Claudia can establish that she had a disability.  *See Waldrip*, 325 F.3d at 654.  The Complaint alleges that "Plaintiff Claudia Wilson's mobility was impaired by arthritis and injuries to her knees and lumbar spine which conditions substantially affected Plaintiff's ability to walk and climb, among other activities of daily living."  Compl. [1-1] at 3-4.  In opposition to Defendant's Motion for Summary Judgment, Plaintiffs state in their brief that when they

> stayed at the Quality Inn Plaintiff Claudia Wilson's mobility was impaired by arthritis and injuries to her neck, hands, and lumbar spine which conditions substantially affected Plaintiff's ability to walk and climb, among other activities of daily living. As a result, Plaintiff was disabled pursuant to the Americans with Disabilities Act ("ADA").

Mem. [52] at 16.

"Statements by counsel in briefs are not evidence," *Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980), and Plaintiffs have not cited to any competent summary judgment evidence in the record that tends to show that the conditions from which Claudia claims she suffered at the time she fell substantially limited her activities of daily living, such as walking or climbing, *but see, e.g.,* Alfred's Dep. [52-1] at 19 (testifying that, prior to the accident at the hotel, he and Claudia "like[d] to just go walk"). Claudia explained in her deposition that she had previously been injured in an on-the-job fall that injured her hand, neck, and back, and resulted in a workers' compensation claim, but she could not recall when that injury had occurred. *See* Claudia's Dep. [52-2] at 10-12, 18.[2]

Alfred was asked whether Claudia had any limitations before her fall at the hotel and he responded, "[n]ot really. In the wintertime, like I said, she may move a little slower." Alfred's Dep. [52-1] at 19. Claudia testified that, before the incident at the hotel, she was limited in her ability to lift due to the prior injury to her neck and back. *See* Claudia's Dep. [52-2] at 69. According to Claudia, she had "some" pain in her neck on a day-to-day basis before her accident at the hotel, as well as pain in her lower back, and was seeing a physician on a regular basis for her neck and back pain. *See id.* at 24-26. Claudia testified that she also suffered from pains in her joints. *See id.* at 27.

The following exchange also occurred:

> Q. Well, let me ask you this, Mrs. Wilson: At the time of the accident in Biloxi that we're here about this afternoon, did you consider

---

[2] Claudia's workers' compensation claim was settled, but she could not estimate how many years ago that had occurred. *See* Claudia's Dep. [52-2] at 11-12.

              yourself to be disabled physically?
A.     I don't remember. I don't re- --
Q.     Did you have a disabled person permit or car tag?
A.     His (indicating).
Q.     I'm sorry?
A.     My husband.
Q.     Okay. Your husband did, but you personally did not?
A.     Huh-uh, no, sir.

*Id.* at 36-37.

A review of the record reflects that Plaintiffs have not pointed to sufficient competent evidence to create a fact question as to whether, at the time of her fall at the hotel, Claudia suffered from a physical impairment that substantially limited one or more of her major life activities. *See* 42 U.S.C. § 12102(1)(A). While "substantially limits" is not a demanding standard, *see* 28 C.F.R. § 35.108(d)(i), there must be some record evidence from which a reasonable factfinder could conclude that Claudia's purported conditions did in fact substantially limit a major life activity; "not every impairment will constitute a disability," *id.* § 35.108(d)(1)(v); *see also, e.g., Whetstone v. Jefferson Par. Pub. Sch. Bd.*, 529 F. App'x 394, 395 (5th Cir. 2013) (holding that plaintiff had failed to satisfy certain prima facie elements of ADA claim, including that "the physical ailments from which she suffered after a student attacked her—neck pain and alleged Post Traumatic Stress Disorder—constitute 'disabilities' as that term is defined under the ADA").

Lifting and working are the only major life activities for which there is any evidence in the record to possibly show that Claudia's physical impairment at least somewhat limited. *See* 42 U.S.C. § 12102(2)(A); Claudia's Dep. [52-2] at 11, 24-27,

8

69.³  Plaintiffs have not cited any record evidence to support an allegation that any other of Claudia's major life activities were impacted.  *See* 42 U.S.C. § 12102(2)(A).

Claudia did testify that she suffered from some pain in her neck, back, and joints, and agreed that this limited her lifting prior to the hotel fall, and lifting is a major life activity.  *See id.*; Claudia's Dep. [52-2] at 24-27, 69.  However, there is no indication from the summary judgment record regarding the extent of this limitation or that Claudia's ability to lift was *substantially* limited, only that it was limited to some unknown extent or degree.  *See* 42 U.S.C. § 12102(2)(A); Claudia's Dep. [52-2] at 69 ("Q. . . . You were limited in your ability to lift before from your injury to your neck and back; right?  A. Right.").  Claudia has pointed to no evidence that expounds upon the nature or extent of this purported limitation.

It cannot be seriously disputed that every person has some limitation, or upper limit, as to how much weight he or she can lift, though that number can vary significantly between individuals.  The question is whether Claudia's impairment substantially limited her ability "to perform a major life activity as compared to most people in the general population."  28 C.F.R. § 35.108(d)(1)(v).  Claudia has not cited any evidence tending to show the parameters of her alleged lifting restriction or how severe her impairment was relative to the general population.  This is not sufficient to carry her burden of demonstrating that she was disabled within the

---

³ In Plaintiffs' Memorandum [52] in opposition to summary judgment, the only major life activities identified as allegedly being substantially limited were lifting, working, walking, and climbing.  *See, e.g.*, Mem. [52] at 16, 18-19, 21.  However, the Court has already discussed how Plaintiffs have presented no evidence that Claudia's walking or climbing was limited at all, offering only attorney statements in her brief [52], which do not constitute evidence.  *See, e.g., Skyline Corp.*, 613 F.2d at 1337.

9

meaning of the ADA. *See id.*; *compare Deljavan v. Goodwill Indus. of Fort Worth*, No. 4:20-CV-01258-BP, 2021 WL 2187245, at *5 (N.D. Tex. May 28, 2021), *appeal dismissed*, No. 21-10663, 2021 WL 6275919 (5th Cir. Aug. 23, 2021) ("Seeking temporary medical treatment for his locking finger and needing help to lift heavy furniture are not enough to show that [the plaintiff] was substantially limited in a major life activity."), *with Stratton v. Jackson State Univ.*, No. 3:20-cv-202-TSL-RPM, 2021 WL 1268381, at *4 (S.D. Miss. Apr. 6, 2021) ("Certainly, a five-pound lifting restriction would qualify as substantially limiting a major life activity."), *and Cruz v. R2Sonic, LLC*, 405 F. Supp. 3d 676, 688 (W.D. Tex. 2019) (finding that a plaintiff's "inability to lift more than 30 pounds could be reasonably viewed as substantially limiting when compared with the general population").

Plaintiffs also state in their brief that Claudia's neck and back injuries "prevented employment," Mem. [52] at 19, and working is another major life activity, *see* 42 U.S.C. § 12102(2)(A). Again, however, statements by counsel in briefs are not competent summary judgment evidence. *See Skyline Corp.*, 613 F.2d at 1337. When asked during her deposition why she left the job at which she was injured, Claudia responded that, "[m]y husband fell with kidney failure, and I had -- I got injured" during her on-the-job accident. Claudia's Dep. [52-2] at 11. She offered no further detail on this, and she could not recall when her injury had occurred. *See id.* at 10-12.

Plaintiffs have pointed to no competent summary judgment evidence to support either their conclusion that Claudia's injuries "prevented employment,"

10

Mem. [52] at 19, or that her injuries substantially limited her ability to work as compared to most people in the general population, *see* 28 C.F.R. § 35.108(d)(1)(v). Without any evidence to support such a finding, a reasonable jury could not find in Claudia's favor on her ADA claim. While Claudia testified that her employment ceased on some unknown date because of both her husband's medical issues and her prior injury, *see* Claudia's Dep. [52-2] at 11, she has not cited sufficient record evidence from which one could conclude that her ability to work was substantially limited at the time of her fall, *see* 42 U.S.C. § 12102(1)(A); 28 C.F.R. § 35.108(d)(1)(v). This is simply insufficient for a jury to conclude that Claudia was disabled within the meaning of the ADA, and "speculation cannot support a genuine fact dispute." *Coleman v. BP Expl. & Prod., Inc.*, 19 F.4th 720, 728 (5th Cir. 2021).

Based upon the record and drawing all reasonable inferences in Claudia's favor, she has not presented sufficient evidence tending to show that she suffered from a physical impairment that substantially limited one or more of her major life activities at the time of her fall at the hotel. *See* 42 U.S.C. § 12102(1)(A), (4). Defendant's Motion for Summary Judgment should be granted as to Claudia's ADA claim for this reason.

Alternatively, even if Claudia were found to have a disability or was otherwise able to pursue a claim under 42 U.S.C. § 12182, dismissal would remain appropriate because Plaintiffs' Complaint seeks only monetary damages, not equitable relief. *See* Compl. [1-1]. "Damages are not available for a Title III ADA claim brought by a private party, but a private party may seek injunctive relief."

*Perez v. Drs. Hosp. at Renaissance, Ltd.*, 624 F. App'x 180, 183 (5th Cir. 2015) (per curiam) (citing 42 U.S.C. § 12188(a); *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997)). The remedies available under Title III are set forth at 42 U.S.C. § 2000a-3(a), *see* 42 U.S.C. § 12188(a)(1), which include a permanent or temporary injunction or a restraining order, *see* 42 U.S.C. § 2000a-3(a). The Complaint does not seek any equitable relief, only monetary damages, which are not available under Title III of the ADA.

Plaintiffs do request an award of attorney's fees for pursuing Claudia's ADA claim, *see* Compl. [1-1] at 14, and the ADA permits such an award to a "prevailing party," 42 U.S.C. § 12205. However, to be a prevailing party

> requires three interrelated showings: (1) the plaintiff must achieve judicially-sanctioned relief, (2) the relief must materially alter the legal relationship between the parties, and (3) the relief must modify the defendant's behavior in a way that directly benefits the plaintiff at the time the relief is entered.

*Miraglia v. Bd. of Supervisors of Louisiana State Museum*, 901 F.3d 565, 576 (5th Cir. 2018). Claudia has not sought any "judicially-sanctioned relief" as to her Title III ADA claim, such that she has no possibility of being a prevailing party who would be entitled to attorney's fees. *See id.*

In sum, Claudia's ADA claim is subject to dismissal, leaving only Plaintiffs' state-law claims.

2. <u>Supplemental jurisdiction</u>

When Defendant removed the case from state court, it invoked only this Court's federal question jurisdiction. *See* Notice [1] at 2. There does not appear to

12

be any other basis for the Court to exercise original subject-matter jurisdiction. Specifically, the Court cannot conclude that diversity jurisdiction exists under 28 U.S.C. § 1332 because the record does not reflect that the parties are of completely diverse citizenship. *See* Compl. [1-1] at 1; Ans. [7] at 1.

Plaintiffs are individuals, and Defendant is a limited liability company. The citizenship of an individual is synonymous with his domicile, while the citizenship of a limited liability company is that of all of its members. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 n.6 (5th Cir. 2009). The Complaint asserts that Plaintiffs were "domiciled in and residents of" Louisiana, and that on information and belief, Defendants' members "consist entirely of individuals who are residents of or domiciled in the State of Mississippi." Compl. [1-1] at 1. In its Answer, Defendant did not admit the allegations concerning its members' residency or domicile, and in fact "denie[d] the allegation that all of its members are residents of the State of Mississippi." Ans. [7] at 1. Therefore, the citizenship of each of Defendant's members is unclear, and the record is insufficient to establish complete diversity of citizenship. Tellingly, Defendant did not invoke diversity jurisdiction in its Notice of Removal. *See* Notice [1] at 2. Based upon the record, the Court cannot conclude that there is complete diversity of citizenship or that original diversity jurisdiction exists over this case. *See* 28 U.S.C. § 1332(a).

28 U.S.C. § 1367(a) provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under

Article III of the United States Constitution.
28 U.S.C. § 1367(a).  A district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).

"District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed."  *Heggemeier v. Caldwell Cty., Texas*, 826 F.3d 861, 872 (5th Cir. 2016) (quotation omitted).  Whether a district court should decline to exercise supplemental jurisdiction depends upon "common law factors of judicial economy, convenience, fairness, and comity," and the Fifth Circuit has "elucidated the general rule that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."  *Id.* (quotation omitted).

In this case, considerations of judicial economy are either neutral or weigh in favor of declining supplemental jurisdiction.  The Court has not resolved any other dispositive motions in this case, and it has not been called upon to address any of Plaintiffs' state-law claims, which are the only ones remaining.   The Court has not yet devoted any judicial resources to the state-law claims.  *See, e.g., Enochs v. Lampasas Cty.*, 641 F.3d 155, 160 (5th Cir. 2011) (finding that the judicial economy factor favored remand when "hardly any federal judicial resources . . . had been devoted to the district court's consideration of the Texas state law claims," the parties would need to duplicate work, and the district court did not have any "substantial familiarity" with the state-law claims and was not "intimately familiar"

14

with them).

The Court's analysis of the ADA claim at summary judgment did not implicate any resolution of law or fact related to the state-law claims, as they were not closely tied to the ADA claims. *See, e.g., United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966) (recognizing that there may be "situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong"). While this matter is set for trial in two months, if the Court were inclined to retain jurisdiction, Defendant's filing of a dispositive Motion nearly two months after the dispositive motion deadline would likely necessitate a continuance. *See* Sept. 16, 2021, Text Order; Mot. [58]. The Court cannot say that this matter is on the eve of trial or that declining supplemental jurisdiction at this stage of the litigation would result in a squandering of judicial resources.

The factors of convenience and fairness are neutral. There is no basis to believe that declining supplemental jurisdiction over Plaintiffs' remaining state-law claims would result in a venue that would be any less convenient or fair to either party. This Court and the state court are located in the same county, and "it [is] certainly fair to have had the purely [Mississippi] state law claims heard in [Mississippi] state court." *Enochs*, 641 F.3d at 160.

Finally, the Court finds that the considerations of comity weigh in favor of declining supplemental jurisdiction. The comity doctrine generally "reflects a proper respect for state functions, a recognition of the fact that the entire country is

15

made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways." *Levin v. Com. Energy, Inc.*, 560 U.S. 413, 421 (2010) (quotation omitted). "[C]omity demands that the important interests of federalism and comity be respected by federal courts, which are courts of limited jurisdiction and not as well equipped for determinations of state law as are state courts." *Enochs*, 641 F.3d at 160 (quotation omitted). The remaining claims in this case are distinct from the ADA claims and arise solely under state law, which a state court is certainly equipped to resolve and would have an interest in doing so.

In sum, the Court has dismissed the only claim over which it had original jurisdiction and finds that, on balance, the factors of judicial economy, convenience, fairness, and comity weigh in favor of declining supplemental jurisdiction. *See Heggemeier*, 826 F.3d at 872. This conclusion is consistent with the general rule that a federal court should decline to exercise supplemental jurisdiction when all federal-law claims are eliminated prior to trial. *See id.* Therefore, the Court will decline to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims and will remand this case to state court for resolution of those claims.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Ly Investments, L.L.C.'s Motion [43] for Summary Judgment is **GRANTED IN PART**, as to Plaintiff Claudia Wilson's claim under the Americans with Disabilities Act, 42

U.S.C. § 12101, et seq., and **DENIED WITHOUT PREJUDICE IN PART**, as to Plaintiffs Claudia Wilson and Alfred Wilson's state-law claims.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Claudia Wilson's claim under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., is **DISMISSED WITH PREJUDICE**, and the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the above-captioned case is hereby **REMANDED** to the Circuit Court of Harrison County, Mississippi, Second Judicial District, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 17th day of February, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE